Ellen Joy LISS, Appellee,

v.

SCHOOL DISTRICT OF the CITY OF LADUE, Appellant.

Nos. 75-1440, 75-1477.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1975.

Decided Feb. 1, 1977.

Robert G. McClintock, St. Louis, Mo., on brief for appellant.

Frank Susman, St. Louis, Mo., on brief for appellee.

Before GIBSON, Chief Judge, LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

Ellen Joy Liss, a teacher in the School District of the City of Ladue, Missouri, brought this action for the alleged unlawful employment practice under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* She alleged that the school district excluded temporary disabilities caused by normal pregnancy and childbirth from its sick leave program and that such exclusion constituted sex discrimination under Title VII. The district court awarded plaintiff restitution of her salary for the 22 days she was absent following childbirth. 396 F.Supp. 1035.

This court delayed disposition of the case pending the Supreme Court's decision in *General Electric Co. v. Gilbert,* —— U.S. ——, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). In that decision the Court held the exclusion of pregnancy-related disabilities from an employer's comprehensive disability benefits insurance policy, although contrary to the EEOC guidelines, did not violate Title VII. The Court held the EEOC guidelines conflicted with "indicia of the proper interpretation of the sex-discrimination provisions of Title VII." 97 S.Ct. at 411–12. Applying *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974), the Court concluded that the proper interpretation was that "an exclusion of pregnancy from a disability benefits plan providing general coverage is not a gender-based discrimination at all." 97 S.Ct. at 408.

However, the Court recognized the fact that there was no sex-based discrimination as such did not end the analysis, if it was shown that the facially neutral distinctions were "mere pretexts designed to effect an invidious discrimination against the members of one sex from another." 97 S.Ct. at 407–08. In determining whether the exclusion of pregnancy from General Electric's disability benefits policy was pretextual, the court applied the test of mutuality of included risks and concluded that "[t]here is no risk from which men are protected and women are not. Likewise, there is no risk from which women are protected and men are not." 97 S.Ct. at 409 (quoting *Geduldig v. Aiello, supra,* 417 U.S. at 496–97, 94 S.Ct. 2485).

In the present case the plaintiff seeks reimbursement of her salary only for her disability and illness *following* childbirth. At issue is the application by the school district of an overall sick leave policy. Unlike the facts in *General Electric,* the school district's sick leave policy does not involve an insurance contract which provides risk coverage for specific disabilities. Rather the school district's sick leave policy excuses absences on an individual basis "due to personal illness." The district court found that the school district compensated any teacher who was in fact disabled from performing her duties for *any* reason except normal pregnancy and childbirth. 396 F.Supp. at 1037. The district court further found that the school district "does not contend that there is a reasonable basis for its determination to exclude disabilities resulting from

childbirth from its otherwise comprehensive disability program." 396 F.Supp. at 1038.

In view of this finding and the Supreme Court's decision in *General Electric,* we vacate the district court's judgment and remand to the district court for reconsideration consistent with the *General Electric* decision; in doing so, if the parties so choose, there may be further evidence and argument presented to the district court as to whether or not the defendant's policy is in fact discriminatory under Title VII.

It is so ordered.