**Darlene GUSE et al., Plaintiffs-Appellees,**

v.

**J. C. PENNEY COMPANY, INC., Defendant-Appellant.**

**Nos. 76–1064 and 76–1172.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 24, 1977.

Decided Aug. 10, 1977.

As Amended Aug. 11, 1977.

Herbert P. Wiedemann, Milwaukee, Wis., for defendant-appellant.

Patrick O. Patterson, New York City, Richard M. Klein, Milwaukee, Wis., for plaintiffs-appellees.

Before CASTLE, Senior Circuit Judge, PELL and BAUER, Circuit Judges.

PELL, Circuit Judge.

This is a sex discrimination class action seeking "relief from unlawful practices and policies of the defendant with respect to female employees who are disabled from performing their assigned duties by reason of pregnancy, miscarriage, abortion, childbirth, or recovery therefrom." The district court determined that the uncontested failure of the defendant company to provide the same benefits and compensations to such employees as it provides to employees with disabilities and/or medical expenses due to other causes was a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Accordingly, the district court granted plaintiffs' motion for partial summary judgment and entered a permanent injunction. No. 76–1064 is the company's appeal from this order. Although this judgment did not resolve all the issues posed by the case,[1] we have appellate jurisdiction under 28 U.S.C. § 1292(a)(1). *Roth v. Board of Regents of State Colleges,* 446 F.2d 806 (7th Cir. 1971), *reversed and remanded on other grounds,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Because No. 76–1064 properly presents all the issues urged for our attention, there is no need to consider what, if anything, was the efficacy of the district court's subsequent certification under Rule 54(b) of "final judgment" of declaratory and injunctive relief, the appeal from which judgment is No. 76–1172.

This court postponed oral argument in this cause to await the Supreme Court's decision in *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), which came down on December 7, 1976. In *General Electric,* the Court held that "an exclusion of pregnancy from a disability-benefits plan providing general coverage is not a gender-based discrimination at all," *id.* at 136, 97 S.Ct. at 408, and that in the absence of a showing that the exclusion was a mere pretext designed to accomplish a forbidden discrimination, or that the benefits plan in question " 'worked to discriminate against any definable group or class in terms of the aggregate risk protection derived by that group or class from the program,' " *id.* at 138, 97 S.Ct. at 409, quoting *Geduldig v. Aiello,* 417 U.S. 484, 496, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974), there could be no violation of Title VII.

■ *General Electric* plainly controls this case. J. C. Penney's "sick benefit plan," providing for wage or salary continuation in the event of disability of specified periods, is legally indistinguishable from the disability benefit plan in issue in *General Electric.* Likewise, the Court's reasoning there that "[t]he Plan, in effect (and for all that appears), is nothing more than an insurance package, which covers some risks, but excludes others," 429 U.S. at 138, 97 S.Ct. 401, lays to rest any argument that the exclusion of pregnancy-related benefits from J. C. Penney's group medical insurance plan presents a different question. Similarly, J. C. Penney's policy of continuing to contribute to the costs of the medical plan during periods of employee disability not related to pregnancy is nothing more than self-insuring an employee benefit (premium contribution) for some risks, but not for others. *See id.* at n.16.

The district court's injunctive order, then, obviously must be and is reversed, because it was based on what we now know to be the faulty premise that the mere exclusion of such benefits constituted unlawful sex discrimination. Two issues remain for consideration.

■ The company urges that we dismiss the entire lawsuit for lack of the district court's jurisdiction. It points to 42 U.S.C. § 2000e–5(c), which requires EEOC to defer for 60 days to any state or local proceeding which might be able to deal with charges of employment discrimination. This was done here; in fact, state proceedings went on for

---

1. Specifically, claims for affirmative remedial relief for members of the class who have been denied pay and/or benefits in the past have not yet been resolved.

more than 16 months. The argument is that the representative plaintiff retroactively invalidated her EEOC charge (a prerequisite to the district court's jurisdiction) by asking the state agency, after 16 months of proceedings there, to stay its proceedings pending federal action or, alternatively, to allow her to withdraw her state charge. This objection is insubstantial; the Congressional policy of deference to state and local agencies is embodied in the limited form of a 60-day no-action period. Nothing in § 2000e–5(c) even remotely suggests that state procedures must be *exhausted* before federal action may continue.

■ The company suggests next that this court should go beyond reversing the district court's injunctive order and remand the case with directions to dismiss the complaint. Plaintiffs, on the other hand, argue that the case is before us on the basis of relief granted pursuant to summary judgment and that while reversal is appropriate as to that relief and judgment, the case should be sent back to allow them to attempt to prove at trial the existence of sex discrimination under the *General Electric* standard. Specifically, they argue, correctly we think, that the exclusion of pregnancy-related benefits may be a relevant factor in determining whether a benefits program discriminates against members of one sex in terms of "aggregate risk protection."

The fatal difficulty with plaintiffs' argument is that their complaint does not present that issue. Not only is their complaint drawn to *emphasize* the exclusion, but it cannot fairly be read as suggesting any broader inquiry. The *only* discriminatory aspects of J. C. Penney's policies alleged in the complaint are that female employees with pregnancy-related disabilities do not receive benefits under the company's sick benefit plan or group medical insurance and that the company does not contribute to the medical insurance premiums of such employees during the period of their disability. The sole hint that anything else might be involved in the complaint is the allegation that the company's discriminatory acts, practices, and policies "include, *but*

*are not limited to*" those just mentioned. (Emphasis supplied). With all due deference to the liberal pleading rules embodied in the Federal Rules of Civil Procedure, we cannot believe that anyone reading those five words (utterly unsupported by any factual allegations) would understand this complaint to be attacking the company's benefits package as a whole, in terms of aggregate risk protection. The course of proceedings in the district court reinforces this conclusion, as it demonstrates that no one connected with this lawsuit has ever so understood the complaint.

We find plaintiffs' reliance on *Liss v. School District of the City of Ladue,* 548 F.2d 751 (8th Cir. 1977) (per curiam), unpersuasive. There is at least a suggestion in *Liss* that an employer policy of sick leave for absence "due to personal illness" may have been discriminatorily applied to individuals recovering from pregnancy. There is no question of individually discriminatory application here. Moreover, we cannot know from the short *Liss* opinion whether the complaint or proof in that case suggested discrimination under the *General Electric* standard, but we are confident that the complaint in the present case does not do so.

In addition, it is obvious, of course, that any reading of *Liss* to the effect that *General Electric* is not controlling law upon the identical facts found here and there can have no persuasive power on the decision we reach.

Accordingly, the judgment is reversed and upon remand the district court shall dismiss the complaint. Appellant is awarded its costs on appeal.

REVERSED AND REMANDED WITH INSTRUCTIONS.