MATTER OF WONG

In Visa Petition Proceedings

A-21323067

A-21323068

*Decided by Board December 6, 1978*

(1) Under the provisions of Article 15 of the Marriage Law of the People's Republic of China, all children born in China are legitimate from birth. *See Chin Lau* v. *Kiley,* 563 F.2d 542 (2 Cir. 1977). *Matter of Lo,* 14 I. & N. 379 (BIA 1973), overruled.

(2) Notwithstanding the legislative legitimation of all children born in the People's Republic of China, a parent-child relationship must be proved for visa petition purposes by suitable evidence, including a birth certificate where available.

(3) Birth records are available for persons born in the People's Republic of China and should be presented in the case of a visa petition submitted by a father on behalf of his child born out of wedlock, in the absence of proof of unsuccessful efforts to obtain documents.

ON BEHALF OF PETITIONER:
Joseph S. Hertogs, Esquire
Jackson & Hertogs
580 Washington Street
San Francisco, California 94111

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The lawful permanent resident petitioner has appealed from the September 2, 1977, decision of the District Director denying the visa petitions filed on behalf of his alleged son and daughter under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2).[1] The records will be remanded.

The petitioner is a 41-year-old native and citizen of the People's Republic of China who was admitted to the United States on June 12, 1969, as a lawful permanent resident. The beneficiary, Do Sang Wong, the petitioner's alleged son, is a 21-year-old native and citizen of the

---

[1] We note that the Notice of Appeal was filed in this case on September 19, 1977, although the record file was not received by the Board until almost 12 months later. No explanation for this delay appears in the record. It is the responsibility of the District Director, as the administrative officer having jurisdiction over the proceedings, to promptly forward the record to the Board when an appeal is filed.

People's Republic of China. The beneficiary, Oi Nar Wong, the petitioner's alleged daughter, is a 23-year-old native and citizen of the People's Republic of China. In his decision denying the visa petitions, the District Director found that the beneficiaries were born out of wedlock to the petitioner and Ng Sun Chui, who were married on February 6, 1976, when the beneficiaries were 19 and 21 years of age, respectively. The District Director concluded that the beneficiaries were illegitimate at birth, and were not legitimated before the age of 18 years as required by section 101(b)(1)(C) of the Act, 8 U.S.C. 1101(b)(1)(C). On appeal, the petitioner claims that, under the law of the People's Republic of China, all children are legitimate at birth and the decision of the District Director is erroneous as a matter of law.

In *Matter of Lau*, unreported, file A20 122 881 (BIA October 23, 1974), the petitioner, a native and citizen of the People's Republic of China, appealed from the denial of a visa petition filed on behalf of his son under section 203(a)(2) of the Act. The child was alleged to be the issue of the petitioner's relationship with one Chin Dung You to whom, it was conceded, the petitioner was never married. We there reaffirmed our decision in *Matter of Lo*, 14 I. & N. Dec. 379 (BIA 1973), that, under Article 15 of the Marriage Law of the People's Republic of China, the petitioner had to "legally establish" paternity to confer immigration benefits upon the beneficiary as his legitimate child.

On appeal to the United States District Court for the Southern District of New York, our decision in *Matter of Lau* was reversed, and the case was remanded for further proceedings. *Chin Lau v. Kiley*, 410 F. Supp. 221 (S.D.N.Y. 1976). The District Court, in an opinion written by Judge MacMahon, found that Article 15 of the Marriage Law does not require a legal procedure for establishing legitimacy:

> In our view, . . . Article 15 retains a paternity suit, which will be used, as in this country, only when the putative father denies the relationship. The Board erred, therefore, in finding that such a procedure is necessary to determine the legitimacy of a child born out of wedlock.

410 F. Supp. at 224. However, Judge MacMahon specifically declined to find that Article 15 made all children legitimate for immigration purposes. He established, instead, a test of "family relationship":

> It is, therefore, obvious that preferences are not to be granted unless it is shown that a family relationship existed. Normally this is done by showing that the beneficiary is a legitimate or legitimated child. However, in the present context, where those terms are meaningless, it is disingenuous to insist on such a showing. Rather, it is sufficient if a petitioner is able to prove the existence of the requisite family relationship as a matter of fact.

*Id.* On appeal to the United States Court of Appeals for the Second Circuit, the Court of Appeals affirmed the decision of the District Court in a decision by Judge Waterman. *Chin Lau v. Kiley*, 563 F.2d 542 (2

Cir. 1977). However, Judge Waterman went farther than did Judge MacMahon and found that all children born in the People's Republic of China were legitimate:

> It is clear to us that the first paragraph of this Article [15] makes all children born in China "legitimate." We are not persuaded by the government's argument that the second paragraph of Article 15, dealing with paternity, makes the establishment of paternity by means of some legal procedure a prerequisite to a child's legitimacy. Put quite simply, the second paragraph says only that a man may not be charged with the cost of maintaining and educating a child until it is proved that the man is the natural father of the child. This, we believe, is quite distinct from the first paragraph of the Article which is a legislative grant of legitimacy to all children born in the People's Republic of China. 563 F.2d at 550.

The Service has informed us at oral argument in the present case that they believe the decision of the Court of Appeals for the Second Circuit in *Chin Lau* v. *Kiley* is applicable to the facts herein. We find the reasoning of Judge Waterman's decision persuasive, and we find that the decision correctly interprets the applicable Chinese law. We withdraw, therefore, from the contrary position expressed by this Board in *Matter of Lau* and *Matter of Lo, supra*. We conclude that, under the provisions of Article 15 of the Marriage Law of the People's Republic of China, all children born in China are legitimate from birth. Accordingly, the District Director's contrary conclusion in this case is erroneous, and will be reversed.

However, the issue of proving the parent-child relationship still remains for our decision. In this regard, the records before us for review contain the following:

(1) a record of a sworn statement, dated November 11, 1976, by Lin Tat Wong concerning his relationship with Ng Sun Tsui and the beneficiaries;

(2) the results of a blood test performed on the petitioner on November 11, 1976;

(3) photographs of the petitioner with his wife and the beneficiaries, allegedly taken between 1955 and 1976;

(4) the visa petition filed on behalf of the present petitioner in 1967, in which he names the beneficiaries herein as his illegitimate children;

(5) a statutory declaration completed by the petitioner in 1968 in Hong Kong, in which he names the beneficiaries herein as his children; and

(6) the marriage certificate of the petitioner and Ng Sun Tsui, dated February 6, 1976.

We note that a visa petition submitted by a father on behalf of his child must be accompanied by the birth certificate of the child. 8 C.F.R. 204.2(c)(3). It appears that birth records are available from the People's Republic of China, *see* vol. 9, Foreign Affairs Manual, Appendix B, "China, People's Republic Of," although they may be, at times, difficult to obtain. *Id.* However, the Service may require proof of unsuccessful efforts to obtain documents claimed to be unavailable, as well as the submission of additional evidence, including blood tests. *See* 8 C. F. R.

103.2(b)(1); *see generally*, *Matter of Lau*, Interim Decision 2558 (BIA 1976); *Matter of Ng*, 12 I. & N. Dec. 27 (BIA 1966).

The petitioner has also filed visa petitions on behalf of his wife and a third child, Yee Nar Wong. It appears that both of these petitions have been approved by the District Director.[2] However, these records are not before us, and we cannot speculate as to the type or quantum of evidence contained in those records that led to the approval of the visa petition filed on behalf of Yee Nar Wong. Counsel for the petitioner indicates in his brief on appeal that a thorough investigation was conducted concerning the petitioner's relationship to these beneficiaries at the time of the issuance of a second-preference visa to the petitioner in 1969. However, not all of the evidence claimed by the petitioner to have been submitted in connection with that proceeding has been made part of the record before us. Specifically, the petitioner claims to have submitted statements of both he and his father, letters, and facts concerning his trips to China.

We conclude that the record should be remanded to the District Director for further proceedings consistent with the foregoing opinion. On remand, the petitioner should be given an opportunity to submit any additional evidence he may have in support of these petitions [3], or to explain why no further evidence is available. The District Director should then render a new decision and serve it upon the interested parties in accordance with *Matter of Li Ganoza*, Interim Decision 2475 (BIA 1976) and *Matter of To*, 14 I. & N. Dec. 679 (BIA 1974).

ORDER: The record is remanded.

FURTHER ORDER: In the event of a decision which is adverse to the petitioner, the record should be certified to the Board for review.

---

[2] Yee Nar Wong was under the age of 18 years when the petitioner married his present wife. Apparently, the District Director found that she was the petitioner's legitimated child.

[3] The petitioner's wife, if admitted as a lawful permanent resident, may file a visa petition on behalf of the beneficiaries if evidence to support her relationship to them is more readily available to her than to her husband. Any questions in this regard should be addressed to the Immigration and Naturalization Service.