MATTER OF ESPINOZA

In Visa Petition Proceedings

A-24032853

*Decided by Board September 2, 1980*

(1) Under Article 195, Title 5 of the 1967 Constitution of Bolivia, all children are equal before the law and have identical rights.

(2) Article 178 of the Family Code of Bolivia provides that children born out of wedlock have the same rights as those born in wedlock.

(3) When the country where the beneficiary was born and resides eliminates all legal distinctions between legitimate and illegitimate children, all natural children are deemed to be the legitimate offspring of their natural father from the time that country's laws are changed. *Lau v. Kiley*, 563 F.2d 543 (2 Cir. 1977); *Matter of Hernandez*, Interim Decision 2712 (BIA 1974); *Matter of Sanchez*, 16 I&N Dec. 671 (BIA 1979); *Matter of Wong*, 16 I&N Dec. 646 (BIA 1979).

ON BEHALF OF PETITIONER: Elihu S. Massel, Esquire
122 East 42nd Street
New York, New York 10017

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

On February 13, 1980, the District Director denied the visa petition filed by the petitioner on behalf of the beneficiary as his son under the provisions of section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). The petitioner appeals from that decision. The appeal will be sustained and the visa petition approved.

The petitioner is a native and citizen of Bolivia who was admitted as a lawful permanent resident of the United States on August 4, 1978. The beneficiary is also a native and citizen of Bolivia who was born out of wedlock to the petitioner and a woman named Zoila Eva Pinedo in La Paz, Bolivia, on January 10, 1969. According to the beneficiary's birth certificate, the petitioner registered the beneficiary's birth with the Civil Registrar for Apolo, Bolivia, 3 years following his birth.

The District Director denied the visa petition ruling that the beneficiary was not entitled to preference immigration status because he was never legitimated. The petitioner countered the District Director's conclusion by stating that under the Bolivian Constitution and Civil

Code, the beneficiary is deemed to be legitimate.

In visa petition proceedings, the burden of establishing the claimed relationship is upon the petitioner. *Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). The applicable statute is section 101(b)(1) of the Act, 8 U.S.C. 1101(b)(1), and its pertinent subsections are (A) and (C), which provide:

The term "child" means an unmarried person under twenty-one years of age who is—

(A) a legitimate child; or

. . .

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

The term "legitimate" as used in section 101(b)(1)(A) normally refers to a child born in wedlock. *See Matter of James,* 15 I&N Dec. 544 (BIA 1975); *Matter of Dela Rosa,* 14 I&N Dec. 728 (BIA 1974); *Matter of Kubicka,* 14 I&N Dec. 303 (BIA 1972). New York requires the marriage of a child's natural parents in order to legitimate a child born out of wedlock. *Matter of Bullen,* 16 I&N Dec. 378 (BIA 1977).

However, the petitioner contends that Bolivia has abolished all differences between children due to their parents' marital status. When the country where the beneficiary was born and resides eliminates all legal distinctions between legitimate and illegitimate children, all natural children are deemed to be the legitimate or legitimated offspring of their natural father from the time that country's laws are changed. *See Chin Lau* v. *Kiley,* 563 F.2d (BIA 1979); *Matter of Sanchez,* 16 I&N Dec. 671 (BIA 1979); *Matter of* Wong, 16 I&N Dec. 646 (BIA 1978). The petitioner bears the burden of establishing his contention regarding Bolivian law. *Matter of Annang,* 14 I&N Dec. 502 (BIA 1973).

The evidence submitted by the petitioner regarding Bolivian law consists of the following: a copy of portions of an English version of the 1967 Bolivian Constitution, a letter from the Bolivian Embassy in Washington, D.C., and a letter from a Bolivian attorney. The portions of the 1967 Constitution include Title 5, Article 195 which states the following:

"All children, without distinction as to origin, have equal rights and duties in respect of their parents. Filiation may be established by any means conducive to proof thereof, in accordance with the system specified by law."

The letter from the Bolivian Embassy is dated January 18, 1980, and states that under Bolivian law there are no legal differences, including inheritance rights, between legitimate children and children recognized by the father. The letter from the Bolivian attorney states the

same conclusion, specifying that Article 195 of the Constitution and Article 178 of the Family Code of Bolivia provide that children born out of wedlock have the same rights, duties, obligations with respect to their parents as children born to married parents.

Therefore, we conclude that the petitioner has met his burden of establishing that under Bolivian law all legal distinctions relevant to "child" status under our immigration law have been abolished. Consequently, the appeal will be sustained and the visa petition approved.

**ORDER:** The appeal is sustained, and the visa petition is approved.