**Judith GROGG, et al., Plaintiffs,**

v.

**GENERAL MOTORS CORP., Defendant.**

**No. 73 Civ. 0063 (KTD).**

United States District Court,
S. D. New York.

Dec. 21, 1981.

Vladeck, Elias, Vladeck & Englehard, P. C., New York City, for individual plaintiffs and the class; Judith P. Vladeck and Judith P. Broach, New York City, of counsel.

Lewis, Greenwald & Oberman, New York City, for class plaintiffs; Everett Lewis and Nicholas Lewis, New York City, of counsel.

Sobol & Trisler, Washington, D. C., for union plaintiffs; Richard Sobol and Ann Franke, Washington, D. C., of counsel.

Parker, Auspitz, Neesemann & Delehanty, Paul Weiss, Rifkind, Wharton, Garrison, New York City, for defendant General Motors; Anthony M. Radice, Earl H. Doppelt, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

In January, 1973, several individual employees of General Motors Corporation ["GM"] along with the International Union of Electrical, Radio & Machine Workers, AFL–CIO–CLC ["IUE"] and five of IUE's local unions brought suit against defendant GM alleging that certain of GM's employee policies violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ["Title VII"]. This action has already been approved for certification as a class action, the individual plaintiffs have been deemed class representatives, and three subclasses have been formed to correspond to each count in the complaint. 72 F.R.D. 523 (S.D.N.Y.1976).

The first subclass ["Count I Plaintiffs"] consists of those GM female employees who were limited to a maximum of six weeks disability pay for pregnancy related illnesses.[1] The second subclass ["Count II Plaintiffs"] consists of those female GM employees, who though ready, willing and able to work, were compelled by GM to go on unpaid maternity leave on or after April 16, 1971.[2] The third subclass ["Count III Plaintiffs"] consists of those female employees of GM who underwent bilateral tubal ligation surgery on or after January 13, 1972, and were denied disability benefits.[3]

Thirteen absent unions, including the United Automobile Workers ["UAW"], were found to be indispensible parties within Fed.R.Civ.P. 19 and subject to joinder. 72 F.R.D. at 533 (S.D.N.Y.1976).

Subsequently, on a motion by the defendants, I dismissed Count I of the complaint with prejudice on the basis of General Electric v. Gilbert, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976) and Women in City Government United v. City of New York, 563 F.2d 537 (2d Cir. 1977). 444 F.Supp. 1215. Settlement negotiations on the remaining counts began soon afterwards.

Attorneys for the individual named plaintiffs, the class, and the defendant seek approval of the Stipulation of Settlement, submitted on November 15, 1979. Although the union plaintiffs were not parties to the negotiations of this settlement, they are covered by the terms of the stipulation.[4]

The union plaintiffs as well as the UAW have filed objections to the stipulation claiming that the terms of the settlement with regard to Count II violate the "fair, reasonable and adequate" standards imposed on settlements. Argo v. Harris, 84 F.R.D. 646, 647–48 (E.D.N.Y.1979).

The Count II settlement provides that GM "shall pay proven claims of the Count II Plaintiffs arising after December 20,

1. Non-pregnancy related disability payments are afforded a 52 week maximum limitation.

2. April 16, 1971 is 300 days prior to the date claims were filed with the Equal Employment Opportunity Commission ["EEOC"]. This statute of limitations applies to the requests for both equitable relief and damages. 72 F.R.D. 535 (S.D.N.Y.1976).

3. January 13, 1972 is 300 days prior to the date claims under Count III were filed with the EEOC.

4. A dispute regarding the payment of the unions' attorney fees remains unsolved. For this reason, the unions were not involved in negotiation of the settlement.

1971 ...." Objectors claim that this term is unfair because it excludes those Count II Plaintiffs who were forced to take involuntary maternity leave between April and December of 1971. (Pre-December 20, Count II Plaintiffs).

It is within this court's sound discretion to approve or disapprove a class action settlement. *Stull v. Baker*, 410 F.Supp. 1326, 1332 (S.D.N.Y.1976). I do not believe the Stipulation is "fair, adequate or reasonable," with respect to the pre-December 20, 1971 Count II Plaintiffs. The strength of these plaintiffs' case must be weighed against the benefits of the settlement in deciding whether the settlement should be approved. *See Levin v. Mississippi River Corporation*, 59 F.R.D. 353 (S.D.N.Y.1973), *aff'd*, 486 F.2d 1398 (2d Cir.), *cert. denied*, 414 U.S. 1112, 94 S.Ct. 843, 38 L.Ed.2d 739 (1973).

It has been held that mandatory maternity leave imposed upon women five months pregnant is violative of due process rights, *Cleveland Board of Education v. LaFleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974), as well as Title VII, *Berg v. Richmond Unified School District, et al.*, 528 F.2d 1208 (9th Cir. 1975), *vacated on other grounds*, 434 U.S. 158, 98 S.Ct. 623, 54 L.Ed.2d 375 (1975). Thus, under this principle pre-December 20 Count II Plaintiffs' claims have a probability of prevailing on their merits. Further, GM could be liable for backpay awards should a Title VII violation with regard to Count II be found despite their good faith defense. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *see also City of LA Dep't. of Water & Power v. Manhart*, 435 U.S. 702, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978).

Pre-December 20, 1971 Count II Plaintiffs are excluded from the settlement despite their valid claims against GM. "Federal claims of individual class members cannot be extinguished with neither adequate consideration in return nor a hearing on the merits of the case." *In re General Motors*

*Engine Interchange*, 594 F.2d 1106, 1135 (7th Cir.), *cert. denied*, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979). Although this subclass might comprise only a small portion of Count II Plaintiffs, "convenience and expediency cannot justify the disregard of the individual rights of even a fraction of the class." *In re General Motors Engine Interchange, supra*, 594 F.2d at 1133.[5]

In sum, this Stipulation extinguishes valid claims of a whole subgroup of the certified class without offering any settlement and accordingly cannot be approved. My denial of approval is not addressed to the merits of the plaintiffs' case.

Settle order on 20 days' notice within 20 days of the date hereof.

---

5. The size of the prejudiced subgroup has no bearing upon the adequacy of the settlement.

Thus, the objectors' requests for further discovery is denied.