**Elisabeth P. JOHNSON**

v.

**FLEET** [1]

**No. 3:04CV162JBA.**

United States District Court, D. Connecticut.

June 6, 2005.

---

1. The originally-captioned defendant was incorrectly identified by plaintiff as FleetBoston Financial. Defendant's correct name at the time of suit was Fleet National Bank. Bank of America Corporation now owns 100% of the outstanding shares of stock of Fleet National Bank.

Elisabeth Johnson, South Windsor, CT, pro se.

Charles Francis Gfeller, William E. Murray, Edwards & Angell, Hartford, CT, George P. Kostakos, Edwards & Angell, Providence, RI, for Fleet Boston Financial.

### Ruling on Defendant's Motions to Dismiss [Docs. # 16, 21]

ARTERTON, District Judge.

Pro se plaintiff Elisabeth P. Johnson, who was employed as a Home Equities Underwriter at Fleet Bank, commenced this suit on January 29, 2004, alleging that defendant FleetBoston Financial Corporation denied her vacation time, delayed in granting her underwriting authority, and ultimately terminated her position on account of her race. The Court reads her complaint as stating only a claim for violation of Title VII. Defendant now moves to dismiss the complaint on grounds of untimely service of process and for failure to exhaust administrative remedies. For the reasons that follow, defendant's motion is DENIED.

## I. Background [2]

Plaintiff Elizabeth Johnson ("Johnson"), who is black, worked as a Home Equities Underwriter at Fleet Bank ("Fleet") from November 4, 2002, when she obtained her temporary assignment through Manpower Temporary Employment Agency, until February 21, 2003, when she was terminated from her job at Fleet. She alleges discrimination on account of her race, and in her complaint, focuses on three adverse employment actions taken against her.

---

**2.** The facts are drawn from plaintiff's complaint and will be accepted as true for purposes of the motions to dismiss. *See Hishon* *v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

First, she alleges that in late January 2003 her Fleet supervisor denied her request for five vacation days and a second alternative request for two vacation days because of her race, as two similarly-situated white colleagues were each granted vacation time during a period when the department's workflow was overloaded, while her request was made at a time when business was not busy. Second, plaintiff alleges that her supervisor delayed in granting her underwriting authority on account of her race, claiming that the white underwriters received their authority within two weeks to two months, while the black underwriters in the department were made to wait to two three times longer. Finally, plaintiff alleges that her termination on February 21, 2003 was on account of her race, and that her supervisor's stated reason for the termination—that she took a sick day on February 20, 2003—was pretextual.

## II. Discussion

Defendant seeks first to dismiss plaintiff's complaint because Johnson did not serve the complaint on Fleet until July 29, 2004, 203 days after filing suit, exceeding the 120 day service period set out in Fed. R.Civ.P. 4(m). Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall

extend the time for service for an appropriate period.

Plaintiff argues that this Court permitted an extension of time for effecting service in its Notice to Counsel issued on July 8, 2004. The Notice stated that the action was subject to dismissal pursuant to D. Conn. L. Civ. R. 41 for failure to prosecute, and provided that "[u]nless satisfactory explanation of why it should not be dismissed is submitted to the Court within twenty (20) days of the date of this notice, it will be dismissed on July 23, 2004." *See* Notice to Counsel [Doc. # 5]. Defendant was served on July 23, 2004, and thereafter, moved to dismiss on the basis of untimely service of process.

■ Although plaintiff is incorrect that the Notice extended her service time period, in light of plaintiff's *pro se* status and diligence in effecting service by the Rule 41 dismissal deadline, and the fact that defendant has now been served[3] and claims no prejudice, and because plaintiff has since manifested her intent to prosecute this case by timely objecting to defendant's motions and participating in conferences, this Court will not dismiss this action. By its terms, Rule 4(m) permits the extension of time for service of process even in the absence of good cause. *See* Fed.R.Civ.P. 4(m) (" . . . the court . . . shall dismiss the action without prejudice as to that defendant *or* direct that service be effected within a specified time . . . ") (emphasis added); Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed.2002). In this case, moreover, dismissal "without prejudice" is not possible, because plaintiff was required to file her Title VII claim within 90 days of her receipt of the Equal Em-

---

**3.** The Court recognizes that defendant has not waived its claim of insufficiency of service of process by its appearance, as it raised this claim as an affirmative defense in its answer and has moved to dismiss on this basis. Defendants challenge only the timeliness of the service, however, not its sufficiency on other grounds.

ployment Opportunity Commission's ("EEOC") right to sue notice, which in this case was issued on October 31, 2003. Any dismissal, therefore, would effectively end plaintiff's access to federal court. Accordingly, the Court extends plaintiff's time for service of process, and denies defendant's motion to dismiss under Rule 4(m).

■ Defendants also move to dismiss for failure to exhaust administrative remedies, on grounds that the complaint plaintiff filed with the Connecticut Commission on Human Rights and Opportunities ("CHRO") remains pending. Plaintiff's complaint in this action, which contains no count under the state Fair Employment Practices Act, notes that her CHRO complaint has been retained for full investigation, *see* Complaint [Doc. # 1] at § E.2, and defendants have attached to their motion a letter from the CHRO dated November 16, 2004, stating that although the complaint had been certified and assigned to the Human Rights Referee for a public hearing, the complaint was being decertified and would be investigated further. *See* Letter from Raymond P. Pech, Managing Director & Commission Attorney, to Donna Marie Wilkerson, Human Rights Referree, November 16, 2004 [Doc. # 16, Ex. A].

This administrative activity on plaintiff's state law claim is not of significance here. Plaintiff has submitted a copy of her No-

tice of Right to Sue from the EEOC, *see* [Doc. # 23], and defendant does not dispute that plaintiff has properly exhausted her federal administrative remedies. Pursuant to 42 U.S.C. § 2000e–5(f), a Title VII claimant may bring suit in federal court after filing a timely complaint with the EEOC and obtaining a right to sue letter.[4] *See, e.g. Shah v. New York State Dept. of Civil Service,* 168 F.3d 610, 614 (2d Cir. 1999); *Butts v. City of New York Department of Housing Preservation and Development,* 990 F.2d 1397, 1401 (2d Cir.1993). Having provided notice to the appropriate state and federal administrative bodies, plaintiff is entitled to pursue her federal claims with the consent of the EEOC after 180 days. The CHRO recognized as much in denying Fleet's motion to suspend administrative proceedings pending completion of this suit, finding "[t]he Complainant has the right to pursue her complaint in the venues of her choice." *See* Ruling on Respondent's Motion to Suspend Administrative Proceedings, Oct. 15, 2004 [attached to Doc. # 23].

Title VII authorizes the EEOC to enter into cooperation agreements with state and local anti-discrimination agencies, *see* 42 U.S.C. § 2000e–8(b); *Ford v. Bernard Fineson Development Center,* 81 F.3d 304, 306 (2d Cir.1996), and under 42 U.S.C. § 2000e–5(c), the EEOC must defer for 60 days to any state or local proceeding which might be able to deal with charges of

---

**4.** 42 U.S.C. § 2000e–5(f) provides, in relevant part: "... If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a concil-

iation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice."

employment discrimination. Defendant does not argue that the EEOC did not comply with this 60–day deferral period, and nothing in the statutory framework suggests that further deference to state anti-discrimination agencies is necessary before the EEOC may authorize commencement of a federal suit. *Cf. Guse v. J.C. Penney Co., Inc.,* 562 F.2d 6, 8 (7th Cir.1977) ("[T]he Congressional policy of deference to state and local agencies is embodied in the limited form of a 60–day no-action period. Nothing in s 2000e–5(c) even remotely suggests that state procedures must be exhausted before federal action may continue."). Accordingly, this Court concludes that it has jurisdiction over plaintiff's federal claims, which were properly exhausted with the EEOC's issuance of a right to sue letter.

### III. Conclusion

For the foregoing reasons, defendant's motions to dismiss [Docs. # 16, 21] are hereby DENIED.

IT IS SO ORDERED.