**Lucius JOHNSON, Plaintiff-Appellant,**

v.

**Robert BERGLAND, Secretary of Agriculture, Defendant-Appellee.**

No. 79–2862
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 24, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Thomas & Davis, Joseph W. Thomas, New Orleans, La., for plaintiff-appellant.

John P. Volz, U. S. Atty., Elizabeth A. O'Connell, Asst. U. S. Atty., New Orleans, La., for defendant-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

A federal employee appeals from summary judgment dismissing his Title VII suit in which he alleged certain racially discriminatory practices. Section 717 of the Equal Employment Opportunity Act (1972), 42 U.S.C. § 2000e–16. In granting summary judgment, the district court essentially held that the plaintiff had failed to exhaust his administrative remedies.[1] We affirm.

*Facts*

The plaintiff contends that the administrative agency was not authorized to dismiss his complaint for vagueness and for failure to furnish more specific details and dates when requested to do so.

The plaintiff filed an administrative complaint on August 31, 1976, alleging that, by reason of discrimination based on race and sex, the agency (a) had failed to accord the plaintiff recognition by grade and seniority, thus freezing him from promotion; (b) had

---

1. The district court also noted: "[M]y ruling does not prevent the plaintiff, if he feels he is still being discriminated against, from filing new administrative complaints based upon recent specific instances of such treatment."

condoned discriminatory practices, thus causing him great physical and emotional distress; and (c) had engaged in deceptive practices. (Three other instances of alleged discrimination were not timely raised.) On September 30, the agency director of personnel requested information concerning specific instances and their dates to support these charges, in order that the agency might investigate their merits and determine whether more than thirty days had elapsed between the incidents and a consultation requested with the Equal Employment Opportunity Counselor, an administrative prerequisite to consideration of a complaint of discriminatory practice, 5 C.F.R. §§ 713.25(1), 713.214(a)(1)(i).

The plaintiff's reply, aside from specifying a 1972 incident of allegedly unfair evaluation by a supervisor, included general statements of unspecified time: that he was situated among thirty or more employees, all but six or so being intermittent or temporary employees, doing mail desk and filing work, whereas six other Grade 5 employees (all white but one, an Oriental woman) were given more responsible work; and that "the deception appears in many ways when I am evaluated. I am told my production is down, yet I do all the work assigned—but compared to others who are given other work assignments, the volume differs naturally."

On December 21, 1976, the agency noted that the plaintiff had failed to give specific details and dates as to the three complaints in question (see (a), (b), and (c) above) as previously requested, so that, *inter alia*, the agency was unable to ascertain whether the plaintiff had complied with the administrative prerequisite by timely request for consultation with an EEO Counselor. Citing a

personnel manual provision,[2] the agency concluded that the plaintiff's allegations "are so vague and general that specific issues related to discrimination cannot be defined." Therefore, citing 5 C.F.R. § 713.-215, the agency cancelled these complaints. The latter regulation provides, pertinently, that the agency "may cancel a complaint because of failure of the complainant to prosecute the complaint."

*Conclusion*

In *Hoffman v. Boeing*, 596 F.2d 683 (5th Cir. 1979), this court held that timely filing of an administrative complaint is a prerequisite to a federal employee's bringing a discrimination suit under section 717 of the Equal Employment Opportunity Act, as well as that the failure to exhaust administrative remedies subjects the judicial complaint to dismissal. In *Boeing*, however, the employee had failed entirely to invoke the administrative remedies.

■ In the present instance, the employee did resort to administrative remedies, but his administrative complaint was vacated because he failed to comply with the valid administrative requirement that he make his generalized complaints more specific. In our opinion, the plaintiff's suit was properly dismissed for this failure to pursue and to exhaust his administrative remedies. Had he complied with the agency request for more specific information, the agency could have ruled on the merits of his complaint, but, due to his default, it was unable to do so.

■ As the district court stated:
"The administrative complaint procedures must be complied with. If they are, and

2. Federal Personnel Manual Letter 713–21, dated September 21, 1973, provides in pertinent part as follows: "Agency officials should not accept for investigation any allegations which are so vague or general that no specific issues can be defined which pertain to the alleged discrimination suffered by the complainant which thus could be investigated. If vague or general allegations cannot be made more specific by reference to the EEO Counselor's report, the official should give the complainant

an opportunity to furnish more specific information on such allegations in an attempt to define the issue or issues which the employee or applicant is raising. If the complainant is unable or refuses to furnish such information within a reasonable period of time, the official should cancel the vague or general allegations of the complaint for failure of the complainant to prosecute them and advise the complainant in writing of his/her rights of appeal."

an adverse decision is rendered on the merits of a complaint, then a complainant is entitled to a *de novo* hearing in federal court. However, if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the Court should not reach the merits either. Otherwise, the complainant might be dilatory at the administrative level, knowing that he can get into federal court anyway. *See Ettinger v. Johnson*, 518 F.2d 648 (3rd Cir. 1975)."

On the merits, the district court properly concluded that the plaintiff's responses to the agency request for information were insufficient to enable the agency to determine what complaint of discrimination was made and when it had occurred. The plaintiff's responses described a general situation that could have occurred at any time; the plaintiff did not set out any specific incidents or dates of discrimination.

 We adopt as our own the district court's conclusions, which correctly reject the plaintiff's contentions here re-urged to us on appeal:

"As a matter of law, I conclude that an agency can under 5 C.F.R. § 713.215 cancel a complaint for failure to prosecute on the ground that the complainant has failed, after due opportunity, to supply the agency with information sufficiently specific to enable it to conduct a meaningful investigation and to determine whether the complaint satisfies the other regulations. Further, I find that due opportunity was afforded to the plaintiff in the instant case and that the agency acted properly in determining, in its discretion, that insufficient information had been supplied to it. This is not an instance of 'continuing' discrimination. That concept requires sufficient allegation of a *present* violation. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977); *De Medina v. Reinhardt*, 444 F.Supp. 573, 576 (D.D.C.1978)."

AFFIRMED.