**Raeford D. WADE, et al., Plaintiffs-Appellants,**

v.

**SECRETARY OF the ARMY, etc., Defendant-Appellee.**

No. 85–8751.

United States Court of Appeals, Eleventh Circuit.

Aug. 14, 1986.

---

Kenneth Dious, Athens, Ga., George McGriff, Carol Reilly McGriff, Charles Stephen Ralston, Julius LeVonne Chambers, NAACP Legal Defense and Educ. Fund, New York City, for plaintiffs-appellants.

Robert S. Greenspan, Jeffrey Clair, U.S. Dept. of Justice, Civil Div. Appellate Staff, Washington, D.C., for defendant-appellee.

Before CLARK, Circuit Judge, TUTTLE and HENDERSON *, Senior Circuit Judges.

CLARK, Circuit Judge:

Raeford D. Wade and Ruben Pace, Jr., are black civilian employees at the United States Signal Center ("Signal Center") at Fort Gordon, Georgia. They appeal from the district court's dismissal on the pleadings of their Title VII class action complaint for failure to exhaust administrative remedies. We reverse and remand for a determination whether appellants complied with the regulations governing administrative class complaints.

## I. FACTS

On August 1, 1984, Wade and Pace, along with other black Signal Center Employees, contacted an equal employment opportunity ("EEO") counselor at Fort Gordon to allege on behalf of black employees at the Signal Center and at the Eisenhower Army Medical Center ("Medical Center") that such employees suffer discrimination on the basis of race in the areas of pro-

motion, training, awards and recognition, performance appraisal and general terms and conditions.[1] On August 30, 1984, after conducting an investigation and attempting informal resolution of the dispute, the EEO counselor issued a report, finding that black employees at the centers receive proportionately fewer awards, training opportunities, temporary promotions and exceptional appraisal ratings and that blacks are severely under-represented in supervisory and management positions at the centers. The report appears to identify only two instances of possible discrimination against the individual complainants. The EEO counselor found that a supervisor arbitrarily refused to certify Connie Hickey's claim for excess travel reimbursement while granting the claims of two white employees and that Hickey was the victim of poorly developed and "absolute" performance appraisal standards. Unable to resolve the dispute to the satisfaction of the complaining employees, the counselor nonetheless made several general recommendations directed toward management and supervisory personnel and designed to reduce the noted disparities.

On August 31, 1984, the same employees filed a class complaint with the Department of the Army.[2] The complaint was accompanied by five attachments containing class allegations of race discrimination in the five areas of dispute—promotion, training, awards and recognition, performance appraisal and terms and conditions of employment. Also submitted with the complaint were three "enclosures," each headed "Memorandum For Record," setting forth individual accounts by would-be class agents of personal encounters with alleged racial discrimination. These documents

---

* See Rule 3(b), Rules of U.S. Court of Appeals for the Eleventh Circuit.

1. The individual employees thereby commenced the "precomplaint processing" of their allegations of class-wide race discrimination pursuant to 29 C.F.R. § 1613.602, which requires a federal employee who wishes to be a class "agent" to consult with an EEO counselor within 90 days of the matter giving rise to an allegation of individual discrimination.

2. 29 C.F.R. § 1613.603 requires that a class complaint be filed with the employing agency within 15 days after receipt of the notice of final interview with the EEO counselor. In this case, the August 30 counselor's report served as the notice of final interview. Thus, the class complaint was timely filed with the Army.

and the EEO counselor's report were turned over to an Equal Employment Opportunity Commission ("EEOC") complaints examiner pursuant to 29 C.F.R. § 1613.604.

On October 11, 1984, the complaints examiner notified the agents that their complaint did not allege numerosity, typicality, commonality and adequacy of representation as required by 29 C.F.R. § 1613.-604(b)(7).[3] Appellants claim they submitted a forty-nine page response to the complaints examiner's request for further information, detailing individual experiences in each of the five areas of dispute;[4] however, it is not clear whether the complaints examiner ever received it. His Statement of Findings and Recommended Decision states that he received only two one-half page letters after notifying the agents of the deficiency in their complaint, neither of which mentioned the four requirements for acceptance of a class complaint. Thus, it appears that if the complaints examiner ever received the response, he did not consider the additional information in reaching his recommendation.

In a report issued December 17, 1984, the complaints examiner recommended that the Army reject the complaint for failure to comply with the regulatory requirement that a class complaint allege the existence of the aforementioned elements of a class action. It is not clear from the complaints examiner's discussion whether the fatal deficiency lay in the failure to *allege* the existence of numerosity, typicality, commonality and adequacy of representation or in the failure to provide sufficient information from which to determine whether these class action elements were present.

The Army accepted the recommendation and issued a "final agency decision" on January 4, 1985, rejecting the class complaint for the reasons set forth in the complaints examiner's report. The same letter that notified the would-be class agents of the final agency decision informed them that their "appeal rights" included the right to appeal to the EEOC or to file a civil action in an appropriate United States District Court.

Appellants chose to file a complaint in the United States District Court for the Southern District of Georgia against the Secretary of the Army, the Department of the Army, the Medical Center and the Signal Center. In a complaint filed on January 28, 1985, they requested class certification and *de novo* consideration of the merits of their discrimination claims. They asserted that they had exhausted their administrative remedies and attached the final agency decision and complaints examiner's report to the complaint.

Appellees moved to dismiss the complaint on the ground appellants had failed to exhaust their administrative remedies. The district court agreed and ordered the complaint dismissed. The court apparently believed that exhaustion principles required appellants to challenge the final agency decision itself, either by appealing to the EEOC or by charging error in the agency's determination in their federal complaint,[5] before seeking *de novo* review of the merits in federal court. The court also suggested that appellants were required to exhaust individual administrative remedies before bringing an action in federal court. Because the agency had not decided the merits of the claims in the class complaint, and because appellants had not pursued individual administrative remedies, the court concluded that appellants had failed to exhaust their administrative remedies.[6]

---

**3.** These requirements parallel those set forth in Fed.R.Civ.P. 23 for the certification of a class action in federal district court.

**4.** This document is contained in the record as Attachment B to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss.

**5.** It is not clear whether the district court envisioned that the action in federal district court

should take the form of an appeal or a collateral attack.

**6.** Although the court had before it the administrative record, which was provided by the parties in conjunction with their briefs on the dismissal motion, the court did not premise its decision on consideration of these documents but reasoned that the plaintiffs had not properly

It is from this determination that Wade and Pace appeal.

## II. ISSUES

Appellants contend that they were entitled to file a complaint in federal district court requesting a determination on the merits of their discrimination claims and were not required to appeal or challenge the final agency decision before either the EEOC or a federal district court. They further argue that they could not have furnished any more information than they did to demonstrate that the elements of numerosity, commonality, typicality and adequacy of representation were present and that the agency and complaints examiner therefore erroneously rejected their administrative class complaint.

Appellees respond that an aggrieved employee may not satisfy the exhaustion requirement merely by obtaining a preliminary procedural ruling from the agency but must give the agency a full opportunity to remedy the dispute through administrative mechanisms. Failure to comply with regulatory prerequisites denies the agency that opportunity and so precludes finding that exhaustion has occurred. They further argue that appellants were required to challenge the rejection of their complaint in an appeal to the EEOC or by charging error in the final agency decision in their judicial complaint. Contending that appellants effectively waived any objection to the agency's conclusions by failing to raise them, appellees maintain that the district court did not err in failing to make findings as to whether appellants complied with the regulations.

## III. ANALYSIS

In 1977, the Civil Service Commission ("CSC") promulgated regulations governing the administrative processing of federal employees' class allegations of employment discrimination. These regulations were adopted by the EEOC in 1978 when it took over the enforcement of equal employment opportunity law pursuant to the President's Reorganization Plan No. 1 of 1978. *See* 43

Fed.Reg. 60900 (1978). The regulations concerning processing of class complaints are now codified at 29 C.F.R. §§ 1613.-601–.643 (1985).

■ A federal employee plaintiff seeking to litigate class claims of Title VII discrimination in federal court is required to have exhausted administrative remedies relating to class complaints. *Lewis v. Smith*, 731 F.2d 1535, 1540 (11th Cir.1984). No longer may a plaintiff who has exhausted individual administrative remedies litigate class claims "like or related to" the individual claims presented and investigated at the administrative level, as was the case prior to adoption of the aforementioned class complaint regulations. *See Griffin v. Carlin*, 755 F.2d 1516, 1531–32 (11th Cir.1985).

This case must therefore be viewed against the following regulatory backdrop. 29 C.F.R. § 1613.601 provides in relevant part:

> (b) a "class complaint" is a written complaint of discrimination filed on behalf of a class by the agent of the class alleging that:
>
> (1) The class is so numerous that a consolidated complaint of the members of the class is impractical;
>
> (2) There are questions of fact common to the class;
>
> (3) The claims of the agent of the class are typical of the claims of the class;
>
> (4) The agent of the class, or his/her representative, if any, will fairly and adquately [sic] protect the interests of the class.

A complaints examiner may recommend that the agency "reject" such a complaint if it "does not meet the ... prerequisites of" numerosity, commonality, typicality and adequacy of representation, § 1613.-604(b)(7), or if it "lacks specificity and detail." § 1613.604(b)(5). Before finally rejecting the complaint, the complaints examiner must afford the complainant fifteen days to remedy or explain the alleged deficiency. § 1613.604(c) and (d). Once the

challenged rejection of their class complaint or exhausted individual remedies. Its decision

rested solely on information contained in the pleadings.

complaints examiner recommends rejection and the agency adopts that recommendation as its final agency decision, the complainant must be informed "of his/her right to proceed with his/her individual complaint of discrimination, and to appeal the final agency decision on the matter to the Office of Review and Appeals and of his/her right to file a civil action." § 1613.604(i).

Pursuant to these regulations, the complaints examiner in this case made the following findings, among others, with respect to appellants' administrative class complaint:

5. The complaint does not specify and detail what management policies or practices are challenged as required by 29 CFR Section 1613.603.

. . . .

7. (i) The Complaint does not aver that the class is so numerous that it would be impractical to join the class members' complaints in a consolidated complaint.

7. (ii) No common questions of fact or law have been pleaded, presented or identified in the complaint.

7. (iii) No showing of typicality has been made and none can be presumed under the above quoted authority. None-as stated above-have been pleaded.

7. (iv) The class agents have an attorney but have made no showing that they can adequately represent absent class members.

Record, Tab 1, Attachment A at 6. On the basis of these findings, the complaints examiner concluded:

The complaint fails to allege that the requirements for a class action in 29 CFR 1613.604(b)(7)(i–iv) have been met. It does not, therefore, meet the regulatory requirements. It mentions no common questions of fact or law or typicality of claims. It does not give an adequate basis for finding that the class agents can adequately represent the class.

*Id.* He recommended rejection of the complaint, and this recommendation was adopted by the Department of the Army.

In the letter advising the would-be class agents of the final agency decision, the agents were also informed that:

[Y]ou have the right to proceed with an individual complaint of discrimination on your individual claim.... If you are not satisfied with this [final agency] decision, your appeal rights are as follows:

### APPEAL RIGHTS

a. You may appeal to the [EEOC] within *15 calendar days* of receipt of this decision.

b. In lieu of an appeal to the Commission, you may file a civil action in an appropriate United States District Court within *30 calendar days* of receipt of the decision.

. . . .

Record, Tab 1, Attachment A.

In practical terms, the question presented to this court is: what were complainants entitled or required to do next, having received this final agency decision and notice of "appeal rights?" Exploration of this question leads us to consider (1) whether it was appropriate for appellants to file a civil action in federal district court, (2) whether the district court was required to determine whether appellants complied with the regulatory requirements attendant to administrative exhaustion and (3) whether a determination that appellants complied with the regulations (and therefore that their administrative class complaint was erroneously rejected) would necessitate a remand to allow the agency to consider the merits of appellants' class allegations of employment discrimination. We discuss these issues in turn.

■ As an initial matter, the regulations make clear that appellants were entitled to file a civil action in federal district court within thirty days of receipt of notice of the final agency decision. 29 C.F.R. § 1613.604(i). Appellants were so informed

by the notice of final agency action, and appellees do not now contend that appellants were required to take any further steps at the administrative level prior to filing suit in federal court.

To the extent that the district court's order can be read to require that a complainant appeal the rejection of a class complaint to the EEOC, pursue individual claims of discrimination with the agency or take any other action at the administrative level prior to commencing a civil action in federal district court, it cannot be reconciled with the regulations. Were the "rejected" agent to pursue his or her individual claim past the thirty-day period for filing in federal court, he or she might risk being held to have foregone any future right to seek class certification in federal court. Given this risk and the fact that the regulations create a right to invoke federal court jurisdiction upon receipt of notice of a final agency decision, it would be unjust to hold that appellants' complaint was due to be dismissed for failure to take advantage of available administrative avenues of redress. Appellants were therefore acting within their rights when they filed suit in federal court.

Having established that a federal employee whose class complaint has been rejected may thereafter file a civil action in federal district court, we must now consider the scope of the issues that may be raised in that action. Appellants argue that an employee whose class complaint has been rejected for failure to comply with "procedural requirements" may nonetheless be deemed to have exhausted administrative remedies so as to be entitled to seek de novo review of her or his class claims of discrimination in federal court.[7]

The problem created when a complaining employee fails to provide information of a nature and in a form that can be investigated and evaluated by the agency as contemplated by Title VII and its implementing regulations is not new to the courts. Typically the problem comes to a court's attention in the following manner. The employee files a Title VII action in federal district court requesting de novo consideration of the merits of the discrimination claim and alleging that administrative remedies have been exhausted. The defendant moves to dismiss (or for summary judgment) on the ground exhaustion requirements have not in fact been met, pointing out that the plaintiff's administrative complaint was rejected by the agency or EEOC for lack of specificity, failure to provide adequate information or some other "procedural" deficiency. In every case we have seen, the district court has independently considered the facts forming the basis of the adverse administrative determination, found that the administrative complaint was indeed deficient and granted dismissal (or summary judgment)[8] against the plaintiff for failure to exhaust administrative remedies. See, e.g., Woodward v. Lehman, 717 F.2d 909 (4th Cir.1983) (failure to provide specific information); Edwards v. Department of the Army, 708 F.2d 1344 (8th Cir.1983) (failure to provide specific, personal information); Johnson v. Bergland, 614 F.2d 415 (5th Cir.1980) (failure to provide specific information); Ettinger v. Johnson, 518 F.2d 648 (3d Cir.1975) (administrative complaint untimely). In no case has the court declined to review the administrative determination of procedural deficiency, as did the district court in this case, because it was not attacked (collaterally or via appeal)

---

**7.** We do not construe the complaints examiner's report in this case to reach the merits of the class certification issue. The complaints examiner did not find that class certification would be improper but found that the complainants had failed to provide information in a form that would allow him to make a determination as to the merits of granting them class agent status. We do not have before us the question of the proper procedure to be followed by a complainant once a complaints examiner has rejected his

or her claim to act as class agent on the ground that one or more of the four elements of class status is lacking.

**8.** As the decisions in these cases depended on fact-finding from materials outside the pleadings, they should have been summary judgments. Nonetheless, the courts have labeled their orders as dismissals.

by the plaintiff, who instead sought review of the merits of his or her Title VII claim.

■ These courts have implicitly rejected appellants' initial argument—that presentation of a claim to the agency and receipt of notice of a final agency decision satisfies the exhaustion requirement no matter what the grounds for rejection of the complaint. Because *Johnson v. Bergland* is binding on us, we conclude that we must also reject this argument. As the court reasoned in *Johnson,* a complainant who fails to provide the agency with the information necessary to evaluate the merits of his or her complaint cannot be deemed to have exhausted administrative remedies. " 'Otherwise, the complainant might be dilatory at the administrative level, knowing that he can get into federal court anyway.' " *Johnson,* 614 F.2d at 418 (quoting the district court's opinion). It is not unreasonable to require that the employee present as much specific information necessary to the investigation of his or her complaint as is available to the employee.

Appellants argue that *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), establishes their right to file a "fresh" Title VII action in federal district court without being subject to a determination whether they complied with the regulations setting forth exhaustion procedures. This reliance is misplaced. *Chandler* holds only that federal employees enjoy the same right to a trial *de novo* of Title VII claims as do private-sector employees. Federal courts are not to defer to agency findings with respect to the merits of employees' claims but must independently evaluate the evidence. No question of failure to exhaust administrative remedies was presented in *Chandler,* for the agency had reached the merits of the employee's claim. Thus the Supreme Court's decision is silent as to the proper scope and focus of the district court's inquiry when the agency has made no findings on the merits and failure to exhaust has been alleged. At most, *Chandler* tells us that whatever issues the district court address-

es must be given independent consideration.

Similarly, that 29 C.F.R. § 1613.604(i) tells the employee whose class complaint has been rejected that he or she has the "right to file a civil action" does not resolve the issue whether such an employee has properly exhausted administrative remedies. The regulations do not say that the court must consider the merits of the employee's discrimination claim. They merely give the employee the right to invoke the jurisdiction of an appropriate federal district court.

That right is not insignificant. It ensures that the employee cannot be required to prolong his or her journey through administrative channels once a final agency decision has been handed down. At that point, the employee can go into federal court and get a final resolution, based on independent consideration of the facts *per Chandler,* whether she or he in fact complied with regulatory requirements prerequisite to acceptance of an individual or class complaint. This resolution—requiring an aggrieved employee to comply with regulations designed to facilitate administrative review while offering the opportunity for independent, impartial consideration of the basis for the adverse agency action—serves the carefully balanced policies of giving the agency an opportunity to resolve its disputes internally while protecting the complaining employee from delay and any agency bias.

■ Consideration of these policies leads us to conclude that a district court must determine whether the employee has complied with regulatory requirements when the defendant raises the issue of failure to exhaust administrative remedies. In conducting this inquiry, the court should first ascertain what the regulations require of a complaining employee. It should then ask whether the complainant made a good faith effort to comply with the regulations and, particularly, to provide all the relevant, specific information available to him or her. No deference may be accorded the agency or complaints examiner's findings with re-

spect to the employee's compliance. An evidentiary hearing may be necessary to determine compliance or lack of it.

The court should keep several considerations in mind as it decides whether the employee in fact complied with regulatory requirements. First, in the class action context, the court should not consider the failure specifically to use the terms set forth in the regulations—"numerosity," "typicality," "commonality" and "adequacy of representation"—to be determinative.[9] If it can be determined from the information provided by the complainant that these requirements were met, the complainant should not be penalized on technical grounds. We note that the regulations permit rejection of a complaint where the class prerequisites are not met, *not* where the complaint fails to *allege* that the prerequisites are met. *See* 29 C.F.R. § 1613.604(b)(7).

Next, the court should consider whether the plaintiff had access to the information alleged by the agency to have been lacking. If, for instance, only the agency has access to the data needed to state the size of the potential class, the complainant should be required to allege numerosity only insofar as he or she is able, given the limited access to information. We note that the employee has no access to discovery tools until after the complaint has been accepted. *See* 29 C.F.R. §§ 1613.608 and 1613.610. The agency will often be more likely to have access to relevant information and may be required to provide information that is at its disposal and not available to a complaining employee. *See* Federal Personnel Manual Letter "Consolidation and Joint Processing of Discrimination Complaints, and Processing of Class Complaints of Discrimination" 713–38 at 4 (published May 31, 1977 for incorporation in Chapter 713 & FPM Supp. 990–1) ("Both parties will provide the Complaints Examiner with ... material within their control or access which the Complaints Examiner may request").

The court must keep in mind that the purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer. Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires. *See Mangiapane v. Adams,* 661 F.2d 1388, 1390–91 (D.C.Cir. 1981) (agency should play a major role in developing record). If the employee is hampered by the actions of the agency or complaints examiner or by the unavailability of any discovery procedures, he or she should not be deemed thereby to have failed to comply with exhaustion requirements.

Should the court determine that the employee did all he or she could reasonably be expected to do to comply with the regulations, and that the reason given by the agency does not support its decision to reject the complaint, the question will arise whether the court must dismiss the complaint to allow the employee to present the merits of the class certification and discrimination claims to the agency. We conclude that the policies underlying the exhaustion requirement mandate that the agency has only one opportunity to decide the issue.

At the outset, we point out that we have found no case, in either the individual or class context, deciding whether a plaintiff, whose attempt to exhaust administrative remedies has prematurely been cut off by the agency's erroneous rejection of his or her administrative complaint, must return to the agency for investigation of the merits of his or her discrimination claim. As previously noted, in no case involving rejection of an administrative complaint on procedural grounds has a court determined that the employee in fact complied with regulatory requirements. In all cases, the court found that the employee failed to comply and held that administrative reme-

---

**9.** We note that the government printed form "Class Complaint" has fifteen blank spaces,

none of which refer to these terms or requirements.

dies had not been exhausted. Moreover, we have discovered no EEOC or other agency interpretation of the regulatory scheme governing class complaints to shed any light on this aspect of the exhaustion requirement. It is clear from the statutory scheme, 42 U.S.C. §§ 2000e–16 and 2000e–5(f) through (k), and the regulations that there is no provision for a remand from the district court to the agency.

If the complainant properly presented his or her claim to the agency in the first place, the agency was given every opportunity to investigate and resolve the dispute, all that is intended by the exhaustion requirement. Only through its own mistake did it lose the chance to reach the merits of the complaint. A reading of the regulations makes obvious the requirement that an employee's complaint be processed promptly. Negated is the possibility that a dispute may receive revolving ladder review within the agency or between the agency and the courts.

■ Thus, upon determining that the employee in fact complied with the regulations (or was prevented by the agency from doing so) and that the agency therefore rejected the individual or class complaint without cause, the court should not direct the employee or class agent to return to the agency to give the agency a second opportunity to resolve the dispute but should conclude that administrative remedies are exhausted and go on to try all issues in the case on their merits. Of course, if the court determines that the employee did not properly present his or her claims so as to afford the agency an opportunity to resolve the dispute, then summary judgment in favor of the defendant is in order. Resort to the district court protects employees, while ensuring that they are not encouraged to circumvent administrative processes.

■ In this case, the district court never reached the question whether appellants complied with the regulations because the judicial complaint did not allege error in the agency's determination that they had not complied. Appellees contend that appellants' failure to challenge the propriety of the agency's rejection of their complaint amounted to a waiver of any right to *de novo* consideration whether they complied with the regulations. There is no basis in the regulations or in case law for this position. Given appellants' belief that they made every attempt to comply with exhaustion requirements, they properly filed a complaint requesting *de novo* consideration of the merits of their Title VII claims and alleging compliance with exhaustion requirements. Failure to exhaust administrative remedies was appropriately raised by the government. As we noted above, this procedure has been followed in every case in which the adequacy of exhaustion has been questioned. Moreover, the Supreme Court has treated the failure to comply with exhaustion requirements as a defense that may be waived if not raised. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

In this case, then, the district court erred in dismissing appellant's complaint without determining, upon *de novo* consideration of the facts, whether appellants had complied to the extent they were able with regulatory requirements. We express no view as to the ultimate propriety of dismissal, but remand to allow the district court to consider the exhaustion requirement in light of the information presented to the agency and complaints examiner by appellants.[10]

Dismissal of appellants' complaint is reversed and this case is remanded so that the district court may determine whether

---

**10.** In addition to considering the general factors noted above, the court in this case should make clear what information was provided to and considered by the agency and EEOC. There appears to be a discrepancy between the information upon which the complaints examiner stated his report was based and the information alleged to have been provided by the complainants. If the court determines that the complaints examiner had received the forty-nine page elaboration on the charges in the initial complaint and should, therefore, have considered it, the court should consider the report in making its de novo evaluation.

the complaining employees reasonably and in good faith complied with the regulatory requirements for filing an administrative class complaint.

REVERSED and REMANDED.