**4**

Nancy C. GARRETT, Plaintiff,

v.

Donald P. HODEL, Secretary of the
Interior, Defendant.

Civ. A. No. 88–358 SSH.

United States District Court,
District of Columbia.

Aug. 9, 1989.

William L. Bransford, Washington, D.C.,
for plaintiff.

William J. Dempster, Asst. U.S. Atty.,
Washington, D.C., for defendant.

---

1. The Bureau of Indian Affairs is part of the
United States Department of the Interior.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District
Judge.

This matter is before the Court on defendant's motion to dismiss for failure to exhaust administrative remedies. For the reasons set forth below, the Court concludes that defendant's motion should be denied.

### Background

Plaintiff is the only white (non-Indian) female Senior Executive Service employee of the Bureau of Indian Affairs.[1] In 1986, she was employed as the Deputy Director/Comptroller, Office of Indian Education Programs, at the SES–4 level. Plaintiff alleges that she was discriminated against on the basis of race, "was prevented from carrying out her assigned duties and [was] methodically removed from all positions of authority within the Office of Indian Education Programs." Complaint at 2.

Plaintiff specifically alleges that Ross Swimmer, Assistant Secretary for Indian Affairs, and Henrietta Whiteman, Director of the Office of Indian Education Programs, "made and allowed others to make derogatory and discriminatory remarks about plaintiff between January and June 1986."[2] Complaint at 3. Plaintiff's 1986 performance appraisal, prepared by Swimmer, rated her as "fully successful." This rating was lower than those on her previous appraisals; plaintiff attributed the drop to discrimination.

Plaintiff filed a discrimination complaint with the Bureau on August 14, 1986, naming Swimmer and Whiteman as the responsible officials. In her complaint, plaintiff alleged:

Since January 1986 I have *not* been permitted to perform the functions of my position—my duties have been assigned to several lower-graded staff. My performance appraisal was *lower* than ever before because management actions pro-

---

2. For example, Swimmer allegedly told plaintiff
in January 1986 she would "have to go" because
she is not an Indian.

hibited me from performing at an appropriate level to receive a higher rating and award. Both the Asst. Sec. and Director of the office have made discriminatory remarks ("she is non-Indian") about me and permit negative and discriminatory remarks to be made by staff in "public" meetings.

Plaintiff's Administrative Complaint (Def.'s Exhibit 1) (emphasis in original). In December 1986, plaintiff was named Director of the Office of Administration for the Bureau. Ronald Esquerra, her new supervisor, recommended that plaintiff be rated as "outstanding" on her 1987 performance appraisal. He also recommended raising her to SES–5 and giving her a bonus. Nevertheless, plaintiff's final rating was reduced from "outstanding" to "fully successful" by Swimmer. The rate level increase was approved, but the bonus was denied.[3]

Between August 1986, when plaintiff filed her discrimination complaint, and December 1987, plaintiff had various contacts, some of which are in dispute, with officials of the Department of Interior's Equal Employment Opportunity (EEO) office. In November 1986, the Director of the Office for Equal Opportunity (OEO) sent plaintiff a letter setting forth which of her discrimination claims had been accepted for processing:

That you have been discriminated against continuously since January, 1986, because of your race (White) when:

1. You have been prevented from carrying out your assigned duties and you have been methodically removed from all positions of authority within the Office of Indian Education Programs.

2. The Assistant Secretary—Indian Affairs and the Director, Office of Indian Education Programs, have made and allowed other persons to make derogatory and discriminatory remarks about you.

Letter to Plaintiff (Def.'s Exhibit 2).

On August 3, 1987, plaintiff wrote the following letter to the Human Relations

Officer responsible for the processing of her administrative claim.

Thank you for your patience concerning my EEO complaint. I apologize for not getting back to you more timely but your note kept sliding to the bottom of a very high stack of work!!!

Everything relating to the complaint has been resolved (finally) except the issue of the performance appraisal. The day-to-day discrimination continues, as it does for most non-Indians in BIA. I simply have learned to live with it. I won't formally withdraw my complaint until I receive this year's appraisal—which should be soon.

If, however, you feel an investigation should begin, please advise me so that an account number can be assigned.

Def.'s Exhibit 3. According to defendant, attempts to reach plaintiff to "clarify" this letter were unsuccessful. After failing to contact plaintiff, the Human Rights Officer recommended in a memorandum dated November 20, 1987, "that the subject complaint proceed for investigation, or be rejected for failure to prosecute in accordance with 29 C.F.R. Section 1613.215." Def.'s Exhibit 4.

In late November 1987, plaintiff wrote another letter to the Human Rights Officer, in which she stated the following:

Today, November 24 I received a copy of my performance appraisal for the rating period which ended June 30, 1987. I will proceed with the complaint as I believe there was a continuation of discrimination on this evaluation. I want the negative statement on the appraisal removed as there is no appropriate justification for it and no other SES employee was evaluated with such a statement.[4]

Def.'s Exhibit 5. A follow-up note, containing much of the same information, was submitted in December 1987.

In January 1988, the OEO issued a final agency decision that cancelled plaintiff's

---

**3.** The rate increase apparently exists on paper only. Plaintiff will not receive an actual increase in salary unless a congressionally imposed pay cap is lifted.

**4.** The negative statement to which plaintiff refers was apparently a comment about her ability to work with certain (unnamed) supervisors. *See* Def.'s Exhibit 6.

1986 administrative complaint. The decision sets forth a brief history of her complaint and details the OEO's efforts to contact plaintiff between early October and late November 1987. Of particular interest, however, is this language:

> Although you mentioned that you desired another performance appraisal which is not discriminatory among the corrective action you were seeking, and stated that your previous performance appraisal was the lowest you had received, your performance appraisal was not specifically at issue in the allegations accepted for processing. Furthermore, whether you believe your FY 87 performance appraisal is discriminatory constitutes an entirely new complaint. Consequently, we advise that you obtain counseling on this matter and, if you wish, file a new formal complaint concerning it.

> Under the circumstances that you indicated that with the exception of the performance appraisal issue "everything related to the complaint has been resolved ...", an investigation of the allegations accepted for processing has been rendered unnecessary. Your statement that the complaint has been resolved constitutes grounds for the cancellation of your complaint.

> In view of the above, you are hereby notified that your complaint has been cancelled.

> This is the final agency decision regarding the complaint of discrimination which you filed on August 14, 1986....

Def.'s Exhibit 7.

### Discussion

This action has been brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. Prior to bringing a civil action under the Act, a plaintiff should exhaust his or her administrative remedies. *See id.* § 2000e–16(c); *Kizas v. Webster*, 707 F.2d 524, 544 & n. 99 (D.C.Cir.1983). Defendant argues that if cancellation of plaintiff's 1986 administrative complaint was proper, then this action should be dismissed for failure to exhaust administrative remedies. That is, if an administrative complaint is properly dismissed on procedural grounds, rather than on the merits, that rejection should be considered first. And, if that rejection was appropriate, it should be affirmed without addressing the merits of the underlying case. *See Wade v. Secretary of the Army*, 796 F.2d 1369, 1376–77 (11th Cir.1986).

On these facts, however, the Court concludes that defendant's dismissal of plaintiff's complaint on procedural grounds was not proper, and that plaintiff has exhausted her administrative remedies. Cancellation or rejection of discrimination complaints made by government employees is governed by 29 C.F.R. § 1613.215 (1987):

> The head of the agency or his designee may reject a complaint which was not timely filed and shall reject those allegations in a complaint which are not within the purview of § 1613.212 or which set forth identical matters as contained in a previous complaint.... He may cancel a complaint because of failure of the complainant to prosecute the complaint. He shall transmit the decision to reject or cancel by letter to the complainant and his representative....[5]

The regulations do not directly address the proper procedures with respect to acceptance of allegations in a complaint for processing, the key issue here.

---

**5.** Defendant urges the Court to use the revised version of section 1613.215, which took effect October 30, 1987. The Court's decision in this matter would not be affected by using the revised section, which reads in pertinent part as follows:

(a) The agency head or designee shall reject or cancel a complaint:

(1) That fails to state a claim under § 1613.212 or that states the same claim that is pending before or has been decided previously by the agency;

(2) That alleges that an agency is proposing to take action that is discriminatory;

. . . . .

(6) That the complainant has failed to prosecute.

. . . . .

(b) The agency head or designee shall transmit the decision to reject or cancel a complaint by letter to the complainant and the complainant's representative....

Defendant argues that "[t]he record shows that plaintiff was made fully aware by defendant's letter to her of November 3, 1986 that the 1986 performance appraisal was not one of the issues that was specifically accepted by the agency in processing her complaint." Def.'s Brief at 9. The Court disagrees. Plaintiff had linked her low performance appraisal to discriminatory management actions that prevented her from working to her fullest capabilities. *See supra* text at 2; *see also* Def.'s Exhibit 1. The language used by defendant in accepting allegations, given the full context of plaintiff's claims, does not unambiguously reject her performance appraisal as an issue.

This view is bolstered by defendant's memorandum of November 20, 1987. After reiterating the allegations accepted by the OEO, that memorandum cites the remedies sought by plaintiff on her original administrative complaint. The second category of relief "is to receive another performance appraisal which is not discriminatory." Def.'s Exhibit 4. Nothing in the memorandum indicates that this relief would be inappropriate in light of the rejection or non-acceptance of her allegation pertaining to her performance appraisal. It was not until January 1988 that plaintiff was informed that "your performance appraisal was not *specifically* at issue in the allegations accepted for processing." Def.'s Exhibit 7 (emphasis added).

The Court recognizes that defendant's inability to contact plaintiff in October and November 1987 may have added to the delay and confusion in this matter. Nevertheless, the Court finds that defendant's cancellation of the complaint was improper because plaintiff did not have sufficient notice that the allegation concerning her performance appraisal had not been accepted.[6]

As part of its motion to dismiss, defendant asks the Court to dismiss plaintiff's claims regarding three personnel actions taken by defendant in 1987 and 1988 for failure to file an administrative complaint prior to instituting a civil action.[7] Since the filing of this action, and while this motion has been pending, plaintiff has exhausted her administrative remedies as to those actions and has moved to amend her complaint. Defendant does not oppose plaintiff's request to amend her complaint, and the Court finds that amendment is appropriate.

An appropriate Order accompanies this Memorandum Opinion.

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, it hereby is

ORDERED, that defendant's motion to dismiss for failure to exhaust administrative remedies is denied. It hereby further is

ORDERED, that plaintiff's motion for leave to amend her complaint is granted.

SO ORDERED.

---

6. In effect, her complaint was cancelled for failure to prosecute—further prosecution having been deemed unnecessary based on her representations that everything except the performance appraisal issue had been resolved.

7. Those actions are: (1) plaintiff's 1987 performance appraisal, (2) plaintiff's reassignment in 1988 to a position outside of the Bureau of Indian Affairs, and (3) plaintiff's interim assignment until the above-mentioned detail became effective.