988 F.2d 1280
 300 U.S.App.D.C. 322
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Gladys M. ALLEN, Appellant,
v.
Michael P. STONE, Secretary of the Army, Appellee.
 No. 91-5207.
 United States Court of Appeals, District of Columbia Circuit.
 March 1, 1993.
 
 Appeal from the United States District Court for the District of Columbia; Civ. A. No. 88-03384.
 DDC
 REVERSED AND REMANDED.
 Before BUCKLEY, SENTELLE and KAREN LECRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was heard on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court appealed from in this case is hereby reversed and the case is remanded to the District Court for the reasons set forth in the accompanying memorandum.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).
 
 MEMORANDUM
 
 4
 Gladys Allen, a 53 year-old black female, alleges that the Department of the Army (Department) discriminated against her while she was employed as Project Manager, Federal Financial and Integrity Act (Project Manager). Before becoming Project Manager, Allen had worked as a Systems Accountant for the Army Corps of Engineers in Washington, D.C. and was compensated at a GS-12 pay grade. After her job duties were transferred to Huntsville, Alabama, the Department reassigned Allen to Project Manager and continued to compensate her at the GS-12 grade. While processing a grievance unrelated to the discrimination charge, Allen learned that the two white males who preceded her as Project Manager were compensated at a GS-13 grade. She filed a grievance with the Department. The Department responded that, because the Project Manager position had never been classified, each employee carried his or her previous GS grade into that position. Allen requested a temporary promotion to GS-13 to apply retroactively to October 1, 1986, with backpay from that date. The Department made an informal settlement offer to Allen, including: (1) a temporary promotion to GS-13 retroactive to October 1, 1986, that would continue until the position was properly classified, (2) backpay from October 1, 1986, until the position was properly classified, and (3) analysis of the position to determine its proper GS level. Allen did not accept the settlement because she did not believe it constituted "full relief."[1] See Laudauto v. United States Postal Serv., 87 FEOR 1002, XI-3, EEOC No. 01861552 (1986) ("full relief" is relief to which one is legally entitled, not merely relief one requests). Specifically, it did not provide her with a permanent promotion to GS-13 and there was a risk that the position could be classified at GS-12 or lower. Nevertheless, the Department gave her the temporary promotion with backpay.
 
 
 5
 Because Allen did not accept the settlement, the Department cancelled her complaint for failure to prosecute. The Office of Review and Appeals (ORA) of the Equal Employment Opportunity Commission (EEOC) affirmed, holding that "the agency has offered appellant complete relief" because there was no evidence that "she requested a permanent rather than a temporary promotion to GS-13." ORA Opinion at 4. ORA denied Allen's request to reopen the case because her "voluntary" decision to transfer to "another agency" meant that she could not receive any more relief. Allen, however, disputed the voluntariness of her decision, contending that she had accepted a position with Harry Diamond Laboratories, located within the Department, because she was informed "that if [she] declined the position [she] would be out of the DOD Priority Placement Program." Affidavit of Gladys M. Allen. Allen then filed suit in district court. The district court granted the Department's motion for summary judgment because "the plaintiff was provided all of the relief she requested." Memorandum Order at 1. Allen appeals.
 
 
 6
 EEOC precedent defines full relief as the relief to which the complainant is legally entitled, not simply the relief the complainant requests. In Laudauto, EEOC concluded that "[a]n offer of full relief must constitute a make-whole remedy; that is, the appellant must be offered all the relief to which he would be entitled if he prevailed on his complaint." 87 FEOR 1002, at XI-5. "Should the appellant prevail on his complaint, he will receive the relief to which he is legally entitled whether he requested it or not." Id. Similarly, in Ducay v. United States Postal Serv., 91 FEOR 3050, XII-620, EEOC No. 05900470 (1990), the EEOC noted "[t]he fact that appellant did not expressly mention his leave usage in his complaint does not absolve the agency of its duty to remedy this injury." Id. at XII-622. Therefore, under EEOC precedent, it appears that Allen had to have received all the relief to which she was entitled, not just the relief she requested, before the Department could cancel her complaint for failure to prosecute. Accordingly, the district court erred in granting the Department's motion for summary judgment on the ground that Allen "was provided all the relief she requested."
 
 
 7
 On the record before us, we cannot, nor could the district court, determine whether Allen in fact obtained full relief. Allen received a temporary promotion and backpay but we are uncertain if she was eligible for a permanent promotion to GS-13. Moreover, we cannot ascertain whether Allen voluntarily left the Project Manager position or whether the Department forced her out. This factor also inhibits our ability to examine whether she received full relief. Accordingly, we reverse the district court's grant of summary judgment and remand to the district court for further proceedings consistent with this opinion.[2]
 
 
 
 [1]
 To determine whether an offer amounts to full relief, "the agency must accept the allegations raised in the subject complaint as true, regardless of the merit of those allegations, and the relief to be proffered must be fashioned accordingly." Collick-Brown v. Department of the Navy, 91 FEOR 3116, XII-804, 805, EEOC No. 05900642 (1990)
 
 
 [2]
 Remand to the EEOC for it to determine whether Gladys Allen was offered full relief under relevant precedent appears to be unauthorized. See Wade v. Secretary of Army, 796 F.2d 1369, 1378-79 (11th Cir.1986) ("It is clear from the statutory scheme, 42 U.S.C. §§ 2000e-16 and 2000e-5(f) through (k), and the regulations that there is no provision for a remand from the district court to the agency.")