**Robert E. HILL, Plaintiff,**

v.

**Marvin RUNYON, Postmaster General, Defendant.**

**Civil Action No. 97–2365.**

United States District Court, District of Columbia.

July 23, 1998.

claims arise in connection with a restructuring of Hill's office in 1992–93 and ensuing placements and employment actions. Defendant's motion to dismiss the complaint in part, or in the alternative, for partial summary judgment is currently before the Court. Although the motion raises defenses to all four counts of the complaint, the Court addresses here only the issues raised with respect to Count One. The Court will dismiss Count One in its entirety, because Hill failed to exhaust his administrative remedies and the dereliction is not excused by his belated attempt to cure.

I.

Hill held a position at the USPS's Chicago Facilities Service Center ("CFSC") in Chicago, Illinois, until 1992. The top management tier at CFSC is Postal Career Executive Service ("PCES"). The Executive and Administrative Schedule ("EAS") is the second management tier. Each management tier has several numbered grades. In 1992, Hill was a General Manager of the Real Estate Division, PCES–1, Central Region.

In 1992 and 1993, the office in which Hill worked undertook a "restructuring," eliminating or transferring PCES management positions, Hill's included, and Hill lost his job. In the course of restructuring, CFSC rehired 18 PCES managers from the pool of displaced PCES employees, but Hill was not among them. Then, in a second wave of hiring, CFSC instructed the 18 new PCES managers to select the EAS employees to work under them from the pool of former PCES and EAS managers. Again Hill was passed over, and it is this decision he challenges in Count One.

Ernest C. Hadley, Law Offices of Ernest C. Hadley, P.C., West Wareham, MA, Waite P. Stuhl, Westwood, MA, for Robert E. Hill.

Gregory William Addington, Eric Mark Jaffe, U.S. Attorney's Office, Washington, DC, for Marvin Runyon.

*MEMORANDUM AND ORDER*

JACKSON, District Judge.

Plaintiff Robert E. Hill brings various race, gender, and age discrimination claims under Title VII and the ADEA against his employer, the United States Postal Service ("USPS", "Service" or "agency"). The

On May 11, 1993, Hill filed a formal EEO complaint ("First Administrative Complaint") that USPS deemed at the time only to allege discrimination in his nonselection to a PCES position, although Hill later declared that it had been intended to cover his nonselection to an EAS position as well. Count One of his complaint in this Court alleges that Hill's nonselection to an EAS position was based on his race or gender or both. He asserts that persons outside his protected class who

were less qualified than he were given EAS management positions after the restructuring.

On November 19, 1993, Hill filed an independent appeal with the Merit Systems Protection Board ("MSPB"), and at the request of Hill's attorney, the USPS EEO Office then suspended its investigation on the First Administrative Complaint until the MSPB proceeding had concluded. The MSPB denied Hill's appeal on March 15, 1995, on jurisdictional grounds.

On June 14, 1995, Hill requested that the EEO Office of the Postal Service reopen its investigation into his First Administrative Complaint, which it did. Seven months later, on February 16, 1996, Hill, through his attorney, informed the EEO office for the first time that his First Administrative Complaint was also intended to cover his nonselection to EAS management positions in the second round of hiring. On March 27, 1996, Hill filed a second EEO complaint alleging retaliation for his filing of the First Administrative Complaint in May of 1993 ("Second Administrative Complaint").

On April 3, 1996, Hill filed suit in the U.S. District Court for the Northern District of Illinois, asserting the claims made in both of his administrative complaints, whereupon, in accordance with its rules, on May 3, 1996, the USPS issued a final agency decision dismissing Hill's First Administrative Complaint because of the pendency of Hill's lawsuit in federal district court.

On March 21, 1997, United States District Judge Elaine E. Bucklo of the Northern District of Illinois dismissed, with prejudice, Hill's claims for nonselection to any of the 18 PCES positions for untimeliness under the 45-day statute of limitations. *Hill v. Runyon*, 959 F.Supp. 488 (N.D.Ill.1997). With respect to his nonselection to EAS positions for race or gender reasons, which corresponds to Count One of the complaint before this court, she dismissed the claims "without prejudice," holding that she lacked subject matter jurisdiction to entertain them, because Hill had failed to exhaust administrative remedies within the agency. She also found that Hill was the culpable party for causing the delay in their disposition at the agency level, by refusing, or at least failing to cooperate with the investigation. *Id.* at 495–96.

A month later, on April 24, 1997, Hill asked the Postal Service to reinstitute the administrative investigation once again, in effect attempting to cure his failure to exhaust administrative remedies. The Postal Service initially assigned Hill's request a new EEO administrative case number but, on reflection, dismissed the administrative complaint altogether on July 14, 1997, relying primarily on Judge Bucklo's finding that Hill had been at fault for the failure of the process initially. *See* Exh. 4 to Cole Decl.

This District of Columbia civil action followed. On October 10, 1997, Hill filed his complaint here, alleging in Count One that his nonselection to an EAS position during USPS restructuring more than four years earlier had been based on his race or gender, or both. He alleges in his complaint that by reason of the agency's July 14, 1997, dismissal of the claim he initiated in May of 1993, and intermittently pursued through April of 1997, he has at long last exhausted his administrative remedies. Compl. ¶ 5.

## II.

█ The Postal Service offers two alternative theories for dismissing Count One: failure to exhaust administrative remedies, which is not subject to cure, and failure to file suit within the 90-day statute of limitations. The Court addresses only the former.

By dismissing his EAS claim "without prejudice," Hill argues, Judge Bucklo contemplated that he would be able to go back to the agency to pursue the administrative process to a conclusion and thus cure the jurisdictional defect. Hill also argues that because Judge Bucklo's dismissal of his EAS claims was without prejudice, it was not a "final" determination; he could not therefore have appealed the decision.

When Judge Bucklo indicated her intent to dismiss the EAS race and gender claims, she entered the dismissal as without prejudice at plaintiff's request. She did not necessarily

endorse a return to the Postal Service for further administrative consideration.[1]

Whatever may have been Judge Bucklo's reasoning, however, cases from other circuits have explicitly held that a plaintiff cannot "cure" administrative defects of his own making after a dismissal for inexhaustion. In *Wade v. Secretary of the Army*, 796 F.2d 1369, 1377–78 (11th Cir.1986), the court held that Title VII has "no provision for a remand from the district court to the agency," and that the statutory scheme did not contemplate "revolving ladder review ... between the agency and the courts." Remanding to the district court for a determination as to whether the plaintiff had exhausted his administrative remedies, the *Wade* court instructed that if plaintiff had complied with (or was prevented by the agency from complying with) all agency regulations, the district court should find that the plaintiff had constructively exhausted his administrative remedies and proceed to hear the case on the merits. On the other hand, if the plaintiff "did not properly present his or her claims so as to afford the agency an opportunity to resolve the dispute, then summary judgment in favor of the defendant is in order." *Id.*

Generally, a federal court should not hear the merits of a discrimination case against a government agency unless the agency has first ruled upon them. In *Johnson v. Bergland*, 614 F.2d 415 (5th Cir.1980), the court held that "if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures, the Court should not reach the merits either. Otherwise, the complainant might be dilatory at the administrative level, knowing that he can get into federal court anyway." *Id.* at 417–18; *see Pack v. Marsh*, 986 F.2d 1155, 1158 (7th Cir.1993); *Edwards v. Department of the Army*, 708 F.2d 1344, 1347 (8th Cir.1983); *Demesme v. Frank*, 753 F.Supp. 187, 189 (M.D.La.1990) (all following *Johnson* ).[2]

The purposes of the exhaustion requirement are both obvious and salutary. The employer is to be given the first opportunity to address the possibility or the perception of discrimination in his workplace. He may be able to achieve prompt, mutually agreeable resolutions of problems while they remain of manageable proportions. It is also to all parties' advantage to promote workplace efficiency and harmony without the necessity of judicial intervention. And, certainly not the least important, demanding serious efforts towards settlement at the outset gives some assurance that the courts will not have to waste their time on cases that are amenable to less costly, time-consuming solutions. Those purposes are all undermined by treating the right to file a lawsuit alleging discrimination as an elective alternative to a serious first effort to solve problems of workplace discrimination in-house and without litigation.

Therefore, it is, this 23rd day of July, 1998,

ORDERED, that defendant's motion to dismiss in part, or, in the alternative, for partial summary judgment, is granted in part and denied in part; and it is

FURTHER ORDERED, that Count One of the complaint is dismissed with prejudice; and it is

FURTHER ORDERED, that the parties, or either of them, show cause within thirty (30) days hereof why this case should not be transferred to the U.S. District Court for the Northern District of Illinois, failing which the case will be so transferred.

---

1. Judge Bucklo's dismissal without prejudice may have been necessary under Seventh Circuit law, which treats a plaintiff's failure to exhaust administrative remedies as depriving a court of statutory subject matter jurisdiction. *See Pack v. Marsh*, 986 F.2d 1155, 1156 (7th Cir.1993). In the D.C. Circuit (and in most other circuits), time limits for perfecting claims of discrimination are not jurisdictional prerequisites, but are treated as matters of limitations subject, however, to liberal rules of equitable tolling. *See Mondy v. Secretary of the Army*, 845 F.2d 1051, 1055 n. 6 (D.C.Cir. 1988).

2. *See also Tolbert v. United States*, 916 F.2d 245, 249 (5th Cir.1990) (EEOC's issuance of a decision during pendency of a district court action did not cure plaintiff's failure to exhaust administrative remedies); *Thompson v. West*, 883 F.Supp. 1502, 1508–09 (M.D.Ala.1995).