**Jill A. ZUGAY, Plaintiff–Appellant,**

v.

**PROGRESSIVE CARE, S.C., and Illinois Regional Oncology Network, S.C., Defendants–Appellees.**

No. 98-3037.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 25, 1999.

Decided June 28, 1999.

Ernest T. Rossiello, Annice M. Kelly (argued), Rossiello & Associates, Chicago, IL, for Plaintiff–Appellant.

Clinton J. Wesolik (argued), Peterson & Ross, Chicago, IL, for Defendants–Appellees.

Paula R. Bruner (argued), Geoffrey L. Carter, Equal Employment Opportunity Commission, Office of General Counsel, Washington, DC, for Amicus Curiae.

Before BAUER, WOOD, JR., and RIPPLE, Circuit Judges.

BAUER, Circuit Judge.

On July 24, 1997, Jill A. Zugay ("Zugay") timely filed a charge of pregnancy discrimination with the Illinois Department of Human Rights ("IDHR"), and by operation of a workshare agreement,[1] with the Equal Employment Opportunity Commission ("EEOC"). The IDHR scheduled a Fact–Finding Conference for November 19, 1997. However, on October 9, 1997, Zugay requested permission to voluntarily withdraw her IDHR charge. On October 14, 1997, the IDHR approved Zugay's request and dismissed the charge. The EEOC issued a right to sue letter to Zugay on October 31, 1997. She then timely filed suit in federal district court, alleging that the defendants discriminated against her on the basis of pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k).

■ The district court dismissed the complaint without prejudice for lack of subject matter jurisdiction. The court reasoned that Zugay had failed to exhaust her state administrative remedies because she "failed to cooperate with the IDHR by voluntarily withdrawing her claim less than one month before a scheduled Fact–Finding Conference could be held and before receiving her Notice of Right to Sue from the EEOC." (Order of July 9, 1998.) Accordingly, on August 12, 1998, Zugay requested that the IDHR reopen its investigation; however, the IDHR declined. We review the district court's decision to dismiss for lack of subject matter jurisdiction *de novo*.

■ It is well-established that before filing a lawsuit under Title VII, a plaintiff must (1) timely file a charge with the EEOC, and (2) receive a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e–5(b), (e), and (f); *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011,

1019, 39 L.Ed.2d 147 (1974). The plaintiff then has 90 days from receipt of the right to sue letter to bring suit in federal court. 42 U.S.C. § 2000e–5(f)(1). In addition, in a state like Illinois, which provides an administrative remedy for employment discrimination, a plaintiff must give the state agency an opportunity to conciliate the employment dispute before pursuing federal remedies. *See* 42 U.S.C. § 2000e–5(c); *Alexander*, 415 U.S. at 44, 94 S.Ct. at 1017. Although the district court found that Zugay had complied with the first two prerequisites for filing a Title VII suit, it held that by withdrawing her charge from the IDHR before the date scheduled for the Fact–Finding Conference, Zugay had "frustrated the IDHR's attempts to reach the merits of her claim," and, as a result, failed to exhaust her state administrative remedies. (Order of July 9, 1998.) We disagree.

■ Title VII requires that "state and local agencies [be] given an initial deferral period of at least sixty days to investigate a charge of discrimination." *Riley v. American Family Mutual Ins.*, 881 F.2d 368, 370 (7th Cir.1989). *See also* 42 U.S.C. § 2000e–5(c). This deferral period gives "States a reasonable opportunity to act under State law before the commencement of any Federal proceedings." *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 117, 108 S.Ct. 1666, 1672, 100 L.Ed.2d 96 (1988). Nowhere does Title VII state that a plaintiff must complete the state administrative process before starting federal proceedings. *See Guse v. J.C. Penney Co., Inc.*, 562 F.2d 6, 8 (7th Cir.1977); *Riley*, 881 F.2d at 371. As we held over twenty years ago, "the Congressional policy of deference to state and local agencies is embodied in the limited form of a 60–day no-action period." *See Guse*, 562 F.2d at 8 (holding that a district court did not lack jurisdiction when a plaintiff withdrew her charge from a state agency after 16 months of agency proceedings). There-

---

1. For a description of the IDHR and EEOC's workshare agreement, *see Sofferin v. American Airlines, Inc.*, 923 F.2d 552 (7th Cir. 1991).

fore, to the extent that there is an exhaustion requirement for state administrative remedies, the requirement was satisfied when Zugay filed a charge with the IDHR and cooperated with the agency for more than 60 days.[2] The IDHR had its chance to reach the merits of Zugay's claim; in fact, it had 17 days more than it was entitled to.

As the EEOC notes in its amicus brief, the district court's reliance on *Johnson v. Bergland,* 614 F.2d 415 (5th Cir.1980), was misplaced because *Johnson* involved a complaint filed against a *federal* employer, not a private employer. *Compare* 42 U.S.C. § 2000e–16(c) and related regulations (federal employers) *with* 42 U.S.C. § 2000e–5(b)–(f) and related regulations (private employers). We hasten to add that the plaintiff in *Johnson* "failed to comply with [a] valid administrative requirement," 614 F.2d at 417, whereas Zugay simply withdrew her charge after allowing the mandated 60–day period to elapse.

Because Zugay exhausted her state administrative remedies by filing a charge with the IDHR and allowing the agency 60 days to act, she was free to file suit in federal court once she received her right to sue letter from the EEOC. For this reason, we REVERSE the district court's dismissal, and REMAND for proceedings consistent with this opinion.

---

**2.** In fact, when a state agency waives its 60–day deferral period, the plaintiff need not even do this. *See Sofferin,* 923 F.2d at 558 ("We do not believe that a state would be deprived of its reasonable opportunity to act under state law if this state waived its right to process initially certain types of claims pursuant to a worksharing agreement.").